**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, FKA The Bank of New York, as Trustee for the benefit of the certificate holders of the CWABS, Inc., asset-backed certificates, Series 2007-SD1, | No. 18-35950 |
| | D.C. No. 2:18-cv-00764-TSZ |
| Plaintiff-Appellant, | |
| | MEMORANDUM[*] |
| v. | |
| KAREN D. SMITH, an individual; DOES 1-50, All other persons, parties or occupants unknown claiming any legal or equitable right, title, estate, lien or interest in the real property described in the complaint herein, inclusive, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted October 24, 2019[**]
Seattle, Washington

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: CLIFTON and IKUTA, Circuit Judges, and RAKOFF,*** District Judge.

The Bank of New York Mellon (BONY) appeals from an order dismissing its foreclosure action with prejudice. We have jurisdiction under 28 U.S.C. § 1291.

The district court did not err in concluding that the statute of limitations ran before BONY filed its action. We reject BONY's argument that it was entitled to additional tolling of 120 days (30 days after service of notices of default for the four non-judicial foreclosure proceedings) because BONY did not raise this argument below, and it is contrary to the tolling calculations BONY provided to the district court. We therefore decline to address the issue on appeal. *Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir. 1985).[1] On appeal, BONY does not "specifically and distinctly" challenge the district court's holding that tolling ceased on the dates fixed for each trustee's sale, so any argument to the contrary is waived. *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005).

---

*** The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

[1] Even if we reached this issue, the record shows that BONY served only two notices of default, one of which did not toll the relevant statute of limitations because it was served before the relevant statute of limitations began to run, and was used to notice a trustee's sale that was neither held nor continued. And even if we gave BONY credit for additional tolling based on the other notice of default, the statute of limitations would have run.

2

**AFFIRMED.**